UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
EVERLAST WORLD'S BOXING :
HEADQUARTERS CORP., :
: 19-CV-0503 (JMF)
Plaintiff, :
:
-v- :
:
TRIDENT BRANDS INC., SPORTS NUTRITION :
PRODUCTS INC., and MANCHESTER CAPITAL INC., :
:
Defendants. :
:
------------------------------------------------------------------X
:
TRIDENT BRANDS, INC., :
:
Plaintiff, : 19-CV-0510 (JMF)
:
-v- :
: ORDER
EVERLAST WORLD'S BOXING HEADQUARTERS :
CORPORATION and INTERNATIONAL BRAND :
MANAGEMENT LIMITED, :
:
Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On February 15, 2019, Trident Brands, Inc. ("Trident") moved to remand 19-CV-510 based on 28 U.S.C. § 1441(b)(2), which provides that an action "may not be removed" on the basis of diversity of citizenship "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." It is undisputed, however, that when they removed the case to this Court, Everlast World's Boxing Headquarters Corp. and International Brand Management Corp. (together, "Defendants") had not been "joined and

served." Accordingly, in light of the Second Circuit's recent decision in *Gibbons v. Bristol-Myers Squibb Co.*, — F.3d —, 2019 WL 1339013, at *3-5 (2d Cir. March 26, 2019), which held that, by its terms, "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law," Trident's motion must be and is DENIED.[1]

In light of the Court's denial of Trident's motion to remand, 19-CV-503 and 19-CV-510 are hereby consolidated for all purposes pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. Per the Court's Order of March 22, 2019, *see* 19-CV-510, Docket No. 30, Defendants in 19-CV-503 shall file an answer or otherwise respond to the Complaint within **thirty days** of this Order. Further, the initial pretrial conference in both cases is RESCHEDULED for **May 21, 2019**, at **4 p.m.** In accordance with the Notice of Initial Pretrial Conference entered in 19-CV-503, *see* Docket No. 6, the parties in both actions shall submit a **single** joint letter and proposed Case Management Plan by the Thursday before the conference.

The Clerk of Court is directed to consolidate these two cases and to terminate 19-CV-510, Docket No. 14.

SO ORDERED.

Dated: April 1, 2019
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Trident cites various factual differences between this case and *Gibbons*, *see* 19-CV-510, Docket No. 33, at 1-2, but they are immaterial given the basis for the Second Circuit's decision. Trident also asserts that because Section 1441(b)(2) is a "rule of procedure, any 'deficiency in procedure [is] remediated' by service of process shortly after removal." *Id.* at 1 (quoting *Confer v. Bristol-Myers Squibb Co.*, 61 F. Supp. 3d 305, 306 (S.D.N.Y. 2014)). But that proposition has no relevance here, as there is no suggestion that Trident's service was deficient. The question is merely whether, in light of the relationship between removal and service, Defendants' otherwise proper removal was barred by the forum defendant rule. Under *Gibbons*, it was not.