```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :
EVERLAST WORLD'S BOXING                              :
HEADQUARTERS CORP.,                                  :
                                                     :
                        Plaintiff,                   :    19-CV-503 (JMF)
                                                     :
        -v-                                          :    MEMORANDUM OPINION
                                                     :         AND ORDER
TRIDENT BRANDS INC. et al.,                          :
                                                     :
                        Defendants.                  :
                                                     :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In an Opinion and Order entered on February 26, 2020, familiarity with which is assumed, this Court held that Trident Brands Inc. ("Trident") and Manchester Capital Inc. ("Manchester" and, together with Trident, "Defendants") were liable to Everlast World's Boxing Headquarters Corp. ("Everlast") for breach of an agreement by Trident (guaranteed by Manchester) to pay royalties to Everlast in exchange for a license to use Everlast's trademark on certain fitness-related products. *See Everlast World's Boxing Headquarters Corp. v. Trident Brands Inc.*, No. 19-CV-503 (JMF), 2020 WL 917058, at *7-8 (S.D.N.Y. Feb. 26, 2020) (ECF No. 46). The Court noted that the parties' agreement required Trident to make quarterly royalty payments, subject to a minimum payment that increased on an annual basis, *see id.* at *1, and that it was "undisputed that Everlast did not receive payments for all quarters through December 31, 2017," *id.* at *7. But the Court reserved judgment on damages because "the precise amount that [Everlast] may be owed appear[ed] to be in dispute." *Id.*

Everlast now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment with respect to damages. *See* ECF No. 59 ("Motion"), at 1. Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). A dispute over an issue of material fact qualifies as genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To defeat a motion for summary judgment, a non-moving party must advance more than a "scintilla of evidence." *Anderson*, 477 U.S. at 252. In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *see Excelled Sheepskin & Leather Coat Corp. v. Or. Brewing Co.*, 897 F.3d 413, 420 (2d Cir. 2018), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Estate of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016) (citation omitted).

      Applying these standards here, the Court concludes that Everlast is entitled to summary judgment. First, Everlast is entitled to $425,000.00 in damages for unpaid minimum royalty payments for the fourth quarter of 2016 and all four quarters of 2017 — plus interest on that amount. *See* Motion 2-3 & n.1. Defendants' sole argument to the contrary is that Everlast improperly relies entirely on a declaration of counsel and that counsel lacks "personal knowledge of the facts in this case." ECF No. 66 ("Opp'n"), at 14; *see* ECF No. 55-1 ("Declaration"), ¶¶ 8-15. But that is false: Everlast relies on Defendants' own binding admissions, in response to Requests for Admission served pursuant to Rule 36 of the Federal Rules of Civil Procedure, that they did not pay the minimum guaranteed royalties for the fourth quarter of 2016 and all four quarters of 2017. *See* ECF No. 55-5, Request Nos. 24-33. These admissions "conclusively establish[]" that Everlast is entitled to the minimum royalty payments that it seeks. Fed. R. Civ. P. 36(b). And pursuant to the

plain language of the License Agreement, Defendants are required to pay interest on that amount. *See* ECF No. 31-1 ("License"), §§ 6.4 & 6.4.1 ("If Licensee fails to pay in full any sums due to Licensor under this Agreement . . . , then . . . Licensor shall be entitled to . . . charge interest at the rate of one and one-half percent (1.5%) per month . . . .").

Second, Everlast is entitled to recover from Defendants "any and all reasonable and properly incurred costs and expenses (including legal fees) incurred by" Everlast in this litigation. *Id.* § 6.4.2. Everlast seeks $93,635.00 in attorney's fees and $800 in costs (due to filing fees). *See* Motion 5-8; Declaration ¶¶ 26-27. The latter are certainly "reasonable and properly incurred costs," License § 6.4.2, but the Court concludes that Everlast's request for attorney's fees is too high for at least two reasons pressed by Defendants.[1] First, some of "the billing entries are too vague to allow Defendants or the Court to assess whether they are, in fact, reasonable in relation to the services provided or even related to the matter at hand." Opp'n 6 (emphasis omitted).[2] Second, the request includes fees for work that Everlast did in connection with its claim against SNPI-NV, which the Court dismissed because SNPI-NV was not a party to the parties' contract. *See* Opp'n 8; *see also Everlast World's Boxing Headquarters Corp.*, 2020 WL 917058, at *3-4, 8. Fees incurred in connection with an unsuccessful attempt to bring claims against a stranger to the parties' contract do not qualify as "reasonable and properly incurred costs and expenses . . . incurred . . . in collecting

---

[1]   Defendants also objected to Everlast's request for fees (and requested discovery) on the ground that the record submitted in support of the motion was "apparently a post hoc reconstruction created for the purposes of this Motion and does not reflect any contemporaneously created time entries." Opp'n 5 (emphasis omitted); *see id.* at 12-13; *see also* ECF No. 55-7 ("Time Records"). In connection with its reply, however, Everlast submitted "actual contemporaneous time sheets," ECF No. 69, at 2, and they are materially identical to the timesheets that had been attached to Everlast's initial motion papers, *compare* Time Records 1-8, *with* ECF No. 68-1 and ECF No. 68-2.

[2]   *See, e.g.*, ECF No. 68-3 (listing numerous vague time entries submitted by Plaintiff's attorney, including "Reviewing documents sent by client"; "Reviewing and charting email received from client"; "Continued to review and chart emails"; "Review revised Memo of Law"; "Work on Reply papers"; and "Work on Reply").

the amount unpaid" by Defendants.  License § 6.4.2.  In light of these problems, the Court exercises its discretion to reduce Everlast attorney's fee request by twenty-five percent.  *See, e.g.*, *M.D. v. New York City Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) ("Rather than engage in a painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours '[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.'" (alteration in original) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006))); *see also, e.g.*, *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010) (reducing an attorney's fee request based on vague billing entries).

For the foregoing reasons, Everlast's motion for summary judgment is GRANTED, but it is awarded only seventy-five percent of the attorney's fees it seeks (that is, $70,226.25).  No later than **October 13, 2020**, Everlast shall submit a proposed judgment consistent with this Memorandum Opinion and Order (and the Court's earlier Opinion and Order), calculating the interest incurred as of October 15, 2020.  Defendants shall file any objection to the proposed judgment no later than **October 14, 2020**.

The Clerk of Court is directed to terminate ECF No. 59.

SO ORDERED.

Dated: October 7, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge